# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 27, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| T.B., | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 19-1814V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Dismissal Decision; Influenza |
| AND HUMAN SERVICES, | * | ("Flu") vaccine; Parsonage |
| | * | Turner Syndrome. |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*William Henry Sandweg, III,* Sandweg & Ager, P.C., Phoenix, AZ, for petitioner.
*Claudia Barnes Gangi,* United States Department of Justice, Washington, DC, for respondent.

## DISMISSAL DECISION[1]

On November 27, 2019, T.B. ("petitioner"), filed a claim in the National Vaccine Injury Compensation Program.[2] He alleged that as a result of receiving the influenza ("flu") vaccine on October 3, 2017, he suffered from injuries including Parsonage Turner Syndrome giving rise to impairments in function in his left shoulder, voice, including vocal cord paralysis, swallowing, and aggravation of pre-existing gastroesophageal reflux disease. Amended Petition (ECF No. 15).

On May 5, 2022, petitioner filed a Motion for a Decision Dismissing his Petition. Petitioner's Motion ("Pet. Mot.") (ECF No. 41). Petitioner states that a recent MRI of the Brain with and without contrast has shown the presence of a mass causing a mass effect in the area of the left jugular foramen, which is the point at which cranial nerves IX, X, and XI exit the skull.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

Pet. Mot. at ¶ 1. Petitioner's experts and respondent's experts agree that the complaints which are the basis of petitioner's claim are neuropathies of cranial nerves IX, X, and XI, and based on the recently discovered mass, petitioner does not believe he will be able to prove that he is entitled to compensation in the Vaccine Program. *Id*. Petitioner states that to proceed further would be unreasonable and waste the resources of the Court, the respondent, and the Vaccine Program. Pet. Mot. at ¶ 2. Petitioner understands that dismissing his petition will result in a judgment against him and has been advised that such a judgment will end all of his rights as to the vaccination in question in this matter, and in the Vaccine Program. Pet. Mot. at ¶ 3. Petitioner also understands that his attorney may apply for attorneys' fees and costs once his case is dismissed and judgment is entered against him. *Id.* at ¶ 4. Petitioner also understands that respondent reserves the right, pursuant to §300aa-15(e), to question the good faith and reasonable basis of his claim and to oppose, if appropriate, his application for costs. *Id.*

To receive compensation in the Vaccine Program, petitioners have the burden of proving either: (1) that the vaccinee suffered a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table (a "Table injury") or (2) that the vaccinee suffered an injury that was caused-in-fact by a covered vaccine. §§ 13(a)(1)(A); 11(c)(1). In this case, petitioner was not alleging a Table Injury and therefore, must demonstrate the vaccine was the cause-in-fact of his alleged injuries. To satisfy his burden of proving causation in fact, petitioner must show by preponderant evidence: "(1)) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Human Servs.,* 418 F. 3d 1274, 1278 (Fed. Cir. 2005).

In this case, experts for petitioner and respondent agree that the more likely cause of petitioner's injuries is a recently discovered mass. Pet. Mot. at ¶ 1. As such, petitioner does not believe he will be able to demonstrate vaccine causation. *Id.* Upon review of petitioner's motion and other documents in the case I agree and will therefore dismiss this case.

**Thus, petitioner's motion is GRANTED. This matter is DISMISSED for insufficient proof. The Clerk of the Court shall enter judgment accordingly.[3]**

IT IS SO ORDERED.

s/Thomas L. Gowen<br>
Thomas L. Gowen<br>
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).