# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: May 5, 2023

```
*   *   *   *   *   *   *   *   *   *   *   *   *
T.B.,                                         *
                                              *
              Petitioner,                     *          No. 19-1814V
                                              *
v.                                            *          Special Master Gowen
                                              *
SECRETARY OF HEALTH                           *
AND HUMAN SERVICES,                           *
                                              *
              Respondent.                     *
*   *   *   *   *   *   *   *   *   *   *   *   *
```

*William Henry Sandweg, III,* Sandweg & Ager, P.C., Phoenix, AZ, for petitioner.
*Claudia Barnes Gangi,* U.S. Department of Justice, Washington, D.C., for respondent.

## <u>DECISION ON ATTORNEYS' FEES AND COSTS[1]</u>

On June 15, 2022, T.B. ("petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorneys' Fees ("Fees App.") (ECF No. 48). For the reasons discussed below, the undersigned **GRANTS** petitioner's motion for final attorneys' fees and costs and awards a total of $111,240.43

### I.     Procedural History

On November 27, 2019, petitioner filed a petition in the National Vaccine Injury Compensation Program.[2]  Petition (ECF No. 1).  Petitioner filed an amended petition on March 13, 2020, which alleged that as a result of receiving the influenza ("Flu") vaccine on October 3, 2017, he suffered from injuries including Parsonage Turner Syndrome. Amended Petition (ECF No. 15). The case was reassigned to me on December 12, 2019. *See* Notice of Reassignment

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes. *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

(ECF No. 10). I held an initial status conference on January 16, 2020 and ordered petitioner to file supplemental affidavits regarding the onset of his injuries and ordered respondent to file a status report or a Rule 4(c) report. (ECF No. 12). On March 13, 2020, petitioner filed an amended petition, updated medical records, and a memorandum regarding the onset of the injuries alleged. Pet. Memorandum (ECF Nos. 15, 16). The memorandum outlined petitioner's problems with his vocal cords, swallowing difficulties, and weakness, atrophy and loss of range of motion of the left upper extremity. *Id*. at 2.

On October 30, 2020, petitioner filed an expert report authored by Dr. Kurt Heiland, M.D., accompanying literature, and updated medical records. Pet. Exs. 21-73 (ECF no. 20). Respondent filed his Rule 4C Report on December 29, 2020. Respondent's ("Resp.") Report (ECF No. 21). On February 3, 2021, petitioner filed a supplemental report authored by Dr. Donald H. Marks, M.D., Ph.D., with accompanying medical literature. Pet. Exs. 74-82 (ECF No. 22). That same day, petitioner also filed a status report requesting a preliminary Rule 5 status conference. Pet. Status Report (ECF No. 23). A status conference was held on March 18, 2021. (ECF No. 24).

On April 23, 2021, I issued a Findings of Fact and Conclusions of Law which included 17 findings of fact and ten questions directed to petitioner. Finding of Fact (ECF No. 25). Petitioner filed updated medical records on August 16, 2021. Pet. Ex. 83. Petitioner filed a supplemental expert report from Dr. Marks on November 1, 2021. Pet. Ex. 85. Respondent filed an expert report from Dr. Subramaniam Sriram, M.D., on January 7, 2022, and accompanying medical literature on January 31, 2022. Resp. Ex. A; Resp. Ex. A Tab 1-3 (ECF Nos. 34, 36).

On February 8, 2022, the parties participated in a Rule 5 status conference. (ECF No. 35). On February 16, 2022, I authored a Rule 5 Order for petitioner to address additional questions raised by Dr. Sriram's report and for respondent to file a responsive expert report thereafter. Rule 5 Order (ECF No. 38).  Dr. Sriram suggested an MRI focused on the left jugular foramen as the petitioner's symptoms appeared consistent with a tumor at that location.

On May 5, 2022, petitioner filed a motion to dismiss the case. Pet. Motion ("Mot.") (ECF No. 41). The motion explains that a recent brain MRI uncovered a mass in the left jugular foramen of the brain, which explains his current injuries, and to proceed further would be unreasonable and a waste of Court resources. *Id*. at 1. On May 6, 2022, I issued a Decision Dismissing the Case. Decision Dismissing Petition (ECF No. 43).

On May 9, 2022, petitioner filed a motion to redact the decision. Mot. to Redact (ECF no. 44). Respondent filed a response on May 23, 2022, and I granted the motion to redact no May 25, 2022. Resp. Mot (ECF No. 45); Order Granting. Mot (ECF No. 46). The public decision was issued on May 27, 2022. (ECF No. 46). Judgment entered on June 16, 2022. (ECF No. 49).

On June 15, 2022, petitioner filed this instant motion for final attorneys' fees and costs. Final Fee App. (ECF No. 48). Petitioner is requesting $119,016.00 in attorneys' fees and $14,462.33 in attorneys' costs, for a total of $133,478.33. Final Fee App. Ex. 1-3. On June 21, 2022, respondent filed a response stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case," and that "respondent therefore

respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp. Response at 2-4. Petitioner did not file a reply but did file a document with expert cost receipts. Fee App. Ex. 3 (ECF No. 51).

The matter is now ripe for adjudication.

## II.     Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). In this case, Petitioner brought the case based on an opinion of a treating neurologist and timely dismissed the case when an alternative cause was uncovered so as not to waste Court resources.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a.   Hourly rate

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates. The Attorneys Forum Hourly Rate Fee Schedules for 2018-2023 can be accessed online.

In this case, petitioner requests various rates of compensation for attorney Mr. William H. Sandweg, and paralegal Ms. Linda K. Hollenbeck. Fees App. Ex. 1. at 12. Mr. Sandweg requests $600.00 per hour, and Ms. Hollenbeck requests $120.00 per hour. *Id*. Mr. Sandweg has been practicing law for 47 years and is licensed to practice law in the State of Arizona. Declaration of William H. Sandweg III (ECF No. 48). He has primarily focused his practice for the last 35 years on the representation of people who have been injured by medical negligence. *Id*. at 2. While Mr. Sandweg indicated that $600.00 per hour is a fair rate for work representing petitioner, the Vaccine Court has an Attorneys Forum Hourly Rate Fee Schedules that must be followed. As such, the hourly rate for Mr. Sandweg will be reduced to the highest allowable rate for the years requested from 2018-2022 for his experience level.

| Year | Hourly Rate Requested | Hourly Rate to be Awarded |
|------|------------------------|----------------------------|

| | | |
|---|---|---|
| **2018** | $600.00 | $455.00 |
| **2019** | $600.00 | $464.00 |
| **2020** | $600.00 | $484.00 |
| **2021** | $600.00 | $509.00 |
| **2022** | $600.00 | $525.00 |

Ms. Hollenbeck has requested an hourly rate of $120.00. This rate is reasonable and shall be awarded in full. This rate is consistent with other cases in the Vaccine Program. *Taylor v. Sec'y of Health & Hum. Servs.,* No. 15-1346V, 2019 WL 1376039, at *2 (Fed. Cl. Mar. 1, 2019)

**b. Hours expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [his] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.,* 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, special masters may reduce the number of horns submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Hum. Servs.,* 102 Fed. Cl. 719, 728-29 (2011) (affirming the special masters' reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.,* 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours).

Mr. Sandweg billed a total of 189.5 hours and Ms. Hollenbeck billed 44.30. Fees App. Ex. 1 at 12. I find the hours billed reasonable, below is a breakdown of the hours worked per year.

| Year | Mr. Sandweg | Ms. Hollenbeck |
|---|---|---|
| **2018** | 20.4 | 12.8 hours |
| **2019** | 56.7 | 5.3 hours |
| **2020** | 65.9 | 10.5 hours |
| **2021** | 27.3 | 15.7 hours |
| **2022** | 19.2 | 0 |
| **Total:** | **189.50** | **44.30** |

In total, Mr. Sandweg will be awarded $91,462.10, and Ms. Hollenbeck will be awarded $5,316.00 with no reduction.

**c. Attorneys' costs**

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $14,462.33 in attorneys' costs, which include $3,392.33 in costs related to obtaining petitioner's medical records, the filing fee, postage, copy fees, research fees. Such costs are routinely reimbursed, and petitioner has provided adequate documentation for those costs and all appear to be reasonable. Accordingly, petitioner is entitled to the full amount of costs sought of $3,392.33.

Petitioner is seeking reimbursement for expert fees for Dr. Kumaraswamy Sivakumar for a total of $1,500.00, and Dr. Donald Marks for a total of $9,570, totaling $11,070.00. Fees App. Ex. 3. Dr. Sivakumar was one of petitioner's treating physicians, and he authored an affidavit summarizing petitioner's medical condition and filed additional medical literature along with his CV. Pet. Ex. 1. Dr. Sivakumar is a licensed medical doctor in Arizona, board certified in Neurology and currently serves as the Director of the Neuromuscular Research Center in Phoenix, Arizona. *Id*. at 9. Dr. Sivakumar has not been awarded fees in the Vaccine Program, but the cost of this service is reasonable and therefore shall be awarded in full.

Dr. Marks filed two expert reports with accompanying medical literature. Pet. Ex. 23; Pet. Ex. 74. He billed at a rate of $300.00 per hour and billed a total of 31.9 hours. Fees App. Ex. 3 at 4-7. Dr. Marks has been utilized as an expert in the Vaccine Program but has not been awarded fees in the Vaccine Program. Attorneys' costs are subject to the same reasonableness requirements as attorneys' fees. *See, e.g.*, *Apuzzo v. Sec'y of Health & Hum. Servs.*, No. 17-1915V, 2021 WL 4305223 (Fed. Cl. Spec. Mstr. Aug. 23, 2021). I find the costs of the experts to be reasonable and they will therefore be awarded in full, for a total of $11,070.00.

### IV. Conclusion

In accordance with the foregoing, petitioner's motion for attorneys' fee and costs is **GRANTED.**  Therefore, I award the following in interim attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested: | $119,016.00 |
| *(Reduction of Attorneys' Fees ):* | *$22,237.90* |
| **Final Attorneys' Fees Awarded:** | **$96,778.10** |
| Attorneys' Costs Requested: | $14,462.33 |
| *(Reduction of Attorneys' Costs):* | *$0* |
| **Final Attorneys' Costs Awarded:** | **$14,462.33** |
| <u>**Total Attorneys' Fees and Costs Awarded:**</u> | <u>**$111,240.43**</u> |

A) **A lump sum payment of $111,240.43 representing reimbursement for final attorneys' fees and costs, in the form of a check payable jointly to petitioners and their counsel, Mr. William Sandweg, III, of Sandweg & Ager, P.C.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master